IN THE MATTER OF THE PETITION OF JOHN FOSTER TO VACATE
AN ASSESSMENT, ETC.

*Charter of New York — chap. 574 of 1871 — designation of official paper under — when
complete.*

APPEAL from an order vacating an assessment for paving Twentieth street, between Third avenue and the East river.

The court at General Term said : " The assessment was made for the expenses of paving Twentieth street, between Third avenue and the East river. The ordinance directing the improvement was adopted by the board of aldermen on the 3d of June, 1872, and it was approved by the mayor the next day. The evidence showed that the mayor and comptroller, on the 3d day of June, 1872, designated the Daily Register as the daily paper in which should be published every notice or advertisement, required by law or ordinance to be published in one or more papers in the city and county of New York. This designation was made under the authority of section 1 of chapter 574 of the Laws of 1871. And by the terms of the act it could only become complete when the certificate making it was filed in the office of the comptroller. The certificate was dated on the 3d day of June, 1872, but there was no evidence given showing it to have been at any time filed in the comptroller's office. That was necessary under the terms of this act for the purpose of making the designation and creating the duty to publish the resolution or ordinance, with the yeas and nays, and the names of the persons voting for and against it, before it was sent to the mayor for his approval. (Vol. 1, Laws of 1870, p. 369, chap. 137, § 20.) There was no proof of failure to publish, beyond the evidence that the requisite publication had not been made in the Daily Register, and that was insufficient, because a completed designation of that paper was not shown before the time when the resolution or ordinance was approved by the mayor. And in that case it might very well have been otherwise legally published. (*Peugnet's Case*, 5 Hun, 434.) He should have shown the filing of the certificate in the comptroller's office to render the designation of the Daily Register complete."

*J. A. Beall,* for the appellant (the city).    *Allison & Shaw,* for the petitioner, respondent.

Opinion by Daniels, J.; Davis, P. J., and Brady, J., concurred.

Order reversed, rehearing ordered, with costs to appellant to abide event.